PER CURIAM:
Claimant and respondent entered into three "equipment rental agreements." In addition, a fourth equipment rental agreement was signed by both parties for an upgrade of NBI System 64 which is included in the initial agreements. The three agreements cover the period of September 1, 1987 - July 31, 1988. The upgrade agreement covers the period of November 1, 1987 - July 31, 1988. These are rent-to-purchase agreements.
Elaine Fierbaugh, respondent's office manager, testified that the overall amount owed by the respondent is $5,021.48. She stated that the respondent has been notified of this amount in the form of several "past due" statements.
Claimant was asked to provide the equipment prior to the processing of the purchase order by the respondent. The respondent was not authorized to rent the equipment because a requisite form, known as the "Equipment Rental Addendum," was not signed by both parties; therefore, the invoices were not processed for payment.
There is no dispute that respondent used the equipment in question for the ten-month period. All of the equipment rental agreements were signed and the claimant provided the equipment in good faith. It would thus appear that this is a claim which in equity and good conscience should be paid.
However, after the ten-month period, respondent proceeded to purchase the equipment in question. There is no dispute that claimant received the purchase price. The claim is accordingly denied.
Claim is disallowed.